NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORENA BUENROSTRO-MORENO; DANIEL LARA-BUENROSTRO; I. L.-B.; B. L.-B.; R. I. L.-B.; MARIA GUADALUPE LARA-BUENROSTRO, <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-5948 <br><br> Agency Nos. <br> A240-244-141 <br> A240-244-136 <br> A240-244-137 <br> A240-244-138 <br> A240-244-139 <br> A240-244-140 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 23, 2026[**]
San Francisco, California

Before: SCHROEDER, CHRISTEN, and FORREST, Circuit Judges.

Lorena Buenrostro-Moreno and five of her children, natives and citizens of

Mexico (Petitioners), seek review of a decision of the Board of Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appeals (BIA) affirming the denial of their applications for asylum and withholding of removal based on their ability to reasonably relocate within Mexico and denying their due process challenge to the Immigration Judge's (IJ) conduct. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

When the BIA "incorporates the IJ's decision . . . without citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), this court will review the IJ's decision to the extent incorporated" by the BIA's decision. *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014). We review questions of law related to immigration proceedings de novo. *See Route v. Garland*, 996 F.3d 968, 975 (9th Cir. 2021). Factual findings are reviewed for substantial evidence. *Urias-Orellana v. Bondi*, 607 U.S. ---, 146 S.Ct. 845, 851 (2026); *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). A finding is supported by substantial evidence "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Villavicencio v. Sessions*, 904 F.3d 658, 663–64 (9th Cir. 2018) (citation omitted).

1.     ***Due Process.*** Petitioners argue that they were denied their right "to a neutral arbiter" when the IJ, at the end of the merits hearing, asked the Government's attorney if it was planning on waiving or reserving appeal. Due process is violated only if "the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (citation omitted). To show fundamental unfairness based on

prejudgment by the IJ, petitioners must show "the IJ had a deep-seated favoritism or antagonism that would make fair judgment impossible." *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007). Here, the IJ neither prevented Petitioners from presenting evidence nor denied them a full hearing. The IJ inquired of the Government about appeal *after* both parties had offered all their evidence and made their closing remarks. Beyond the single question that Petitioners point to, they identify nothing further giving rise to any inference of prejudgment. This is insufficient to demonstrate the kind of "deep-seated favoritism or antagonism" necessary to establish a due process violation. *Id.*

2.  *Asylum.* Applicants are ineligible for asylum if they "c[an] avoid future persecution by relocating" within their home country and if "under all the circumstances, it would be reasonable to expect [them] to do so." *Akosung v. Barr*, 970 F.3d 1095, 1101 (9th Cir. 2020) (quoting 8 C.F.R. § 1208.13(b)(1)(i)(B)). Petitioners argue that the agency's findings regarding the feasibility of safe and reasonable relocation within Mexico were not supported by substantial evidence. During the six months that they lived in Tijuana before entering the United States, Petitioners had no contact with the La Familia Michoacana (LFM) cartel, which was the source of harm that they feared. Media reports about the criminal activity of LFM submitted by Petitioners further indicate that LFM is not present throughout Mexico. This evidence supports the agency's finding that they could safely relocate within

Mexico. *See Gomes v. Gonzales*, 429 F.3d 1264, 1267 (9th Cir. 2005).

Petitioners offer various arguments for why this evidence should be disregarded, but none are availing. At the outset, they assert that granting asylum to one member of Lorena's family, Esperanza, but not the rest of them was "arbitrary and inconsistent." But the IJ granted Esperanza's claim based on the unique and undisputed facts supporting her asylum claim rather than any inconsistent findings of fact. Petitioners' argument that they lived "in a state of hiding" in Tijuana also fails because living in temporary housing is not tantamount to living in hiding. *See Akosung*, 970 F.3d at 1102. Petitioners similarly mischaracterize that the authorities in Tijuana were in league with LFM when in fact they indicated a willingness to protect Petitioners.

Petitioners further assert that they would be unsafe in Tijuana based on a call received from an aunt warning their family about LFM, along with threatening WhatsApp messages received from an unknown number. Even assuming the threatening messages were from LFM, they do not establish the cartel's ability to harm Petitioners in Tijuana as they made no reference to where Petitioners lived and did not suggest that the sender knew their whereabouts. Similarly, the warning from the aunt was received before Petitioners left Michoacan and does not show they were under threat in *Tijuana*.

Finally, Petitioners argue that relocation is not reasonable because the agency

failed to consider that it would "permanently separate" Petitioners from Esperanza. "That relocation might be inconvenient or undesirable," however, "does not make it unreasonable." *Hussain v. Rosen*, 985 F.3d 634, 649 (9th Cir. 2021). Because the agency's findings regarding the threat of persecution were supported by substantial evidence, it did not err in denying Petitioners asylum.

3. ***Withholding of Removal.*** "When the government [completely] rebuts an applicant's well-founded fear of future persecution, it defeats the applicant's asylum claim, *and* his or her claim for withholding of removal." *Sowe v. Mukasey*, 538 F.3d 1281, 1288 (9th Cir. 2008). The IJ's determination that Petitioners could relocate within Mexico means Petitioners do not have a well-founded fear of persecution. This finding is as determinative of Petitioners' withholding of removal claim as of their asylum claim. *See Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010). Consequently, the agency also did not err in denying withholding of removal.

**PETITION DENIED.**[1]

---

[1]The temporary stay of removal entered by the court is hereby lifted and the motions for a stay (Dkt. Nos. 3, 9) are DENIED.